IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEO AND CYNTHIA CICCO,

      Plaintiffs,                        11cv0946
                                         **ELECTRONICALLY FILED**

      v.

STATE FARM FIRE AND CASUALTY CO.,

      Defendant.

**MEMORANDUM AND OPINION**

This case involves an insurance dispute between Plaintiffs, the insureds, and their homeowner's insurer, State Farm Fire and Casualty Co., Defendant. Plaintiffs sued Defendant alleging in their Complaint that Defendant breached its contract of insurance with them (count one), engaged in bad faith with respect to its breach of contract (count two), and engaged in statutory bad faith (count three). Doc. no. 1-2.

In response to the Complaint, Defendant filed a Partial Motion to Dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6), arguing that counts two and three should be dismissed. Doc. nos. 3 and 4. Defendant asserts that the claim for bad faith asserted in count two is redundant of the breach of contract claim alleged in count one and the statutory bad faith claim alleged in count three of the Complaint. *Id*. Defendant further asserts that Plaintiff failed to allege facts sufficient to raise a claim for statutory bad faith alleged by Plaintiff in count three. *Id*.

In their Response to the Motion to Dismiss, Plaintiffs do not concede that their bad faith claim set forth in count two of their Complaint is redundant with their statutory bad faith claim in count three. Doc. nos. 6 and 7. In addition, Plaintiffs disagree that they failed to assert a

plausible cause of action for statutory bad faith in count three. *Id*. However, Plaintiffs indicated a willingness to merge their two bad faith claims into one claim in light of the fact that there are different factual allegations asserted in each count. *Id*.

For the foregoing reasons, the Court will grant in part and deny in part Defendant's Motion to Dismiss, and will allow Plaintiff to file an Amended Complaint.

### I. Standard of Review

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the …claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

To survive a Motion to Dismiss, a party must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly* 550 U.S. at 570). A claim has facial plausibility when a party pleads facts that allow the Court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. *Id*. at 1949. However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1950 (quoting *Twombly* 550 U.S. at 555). In deciding a Motion to Dismiss, the Court must determine whether the Complaint or Answer "pleads factual content that allows the court to draw the reasonable inference that the defendant (or plaintiff) is liable for the misconduct alleged." *Pennsyl. Prison Soc. V. Cortes*, 622 F.3d 215, 233 (3d Cir. 2010) (citing *Iqbal*, 129 S.Ct. at 1949). "While legal conclusions can

provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11.

As recently discussed by the United States Court of Appeals for the Third Circuit, a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' *Id*. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

When determining whether a party has presented facts sufficient to show a "plausible claim for relief," the Court must consider the specific nature of the claim presented and the facts pled to substantial that claim. For example, in *Fowler*, a case predicated upon a violation of the Rehabilitation Act, the Court of Appeals determined that "[t]he complaint pleads how, when, and where [the defendant] allegedly discriminated against Fowler." 578 F.3d at 212. The Court, while noting that the Complaint was "not as rich with detail as some might prefer," the "how, when, and where" provided by the plaintiff was sufficient to establish plausibility. *Id*. at 211-12.

The facts alleged in the Complaint or Answer, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555. The Court may not dismiss a Complaint or Counterclaim merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Id*. at 556, 563 n.8. Instead, the Court must ask whether the

3

facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint or counterclaim that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212; *See Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Id.* at 563 n.8.

Based upon this standard, this Court has reviewed Defendant's Motion to Dismiss Plaintiffs' Complaint.

### III. Discussion

As noted above, Defendant contends that Plaintiffs' bad faith claim set forth in count two of the Complaint is redundant of counts one and three. Defendant also moves this Court to dismiss count three claiming the Plaintiffs failed to raise a claim upon which relief can be granted.

This Court begins by noting that count two of Plaintiffs' Complaint spans paragraph numbers 47 through 66. See doc. no. 1-2. The Court also notes that paragraph numbers 49 through 54 of count two set forth, verbatim,[1] the same allegations set forth in paragraph numbers 32 through 37, which comprise part of count one. *Id*. In addition, paragraphs 56 and 57 are verbatim reiterations of paragraphs 40 and 41. *Id*. Thus, there are redundant factual allegations and averments found within counts one and two. *Id*.

The remainder of count two indicates that Defendant was contractually obliged to exercise good faith and fair dealing, but it allegedly breached this duty, along with its fiduciary duty. Id. at ¶¶ 58-60. Paragraphs 61 through 63 detail exactly how those duties were allegedly breached by Defendant, while paragraphs 64 through 66 describe the damage component of this

---

[1] However, paragraph 49 does not contain the word "continual" as set forth in paragraph 32.

claim.  Id. at ¶¶ 61-63.  However, in count three, Plaintiffs also assert that Defendant breached its fiduciary duty along with its duty to exercise good faith and fair dealing.  See id. at ¶ 75.  The only difference between the breach of duty allegations set forth in count two compared to those set forth in count three is that in count two, Plaintiffs allege the duties arose out of a contract with Defendant and Defendant breached the contract by allegedly failing perform its duties; whereas in count three, Plaintiffs are asserting that Defendant was statutorily obligated to perform those duties and failed to do so, thus violating the statute.

In light of the fact that Plaintiffs have adequately pled a breach of contract cause of action in count one of their Complaint and given that this Court finds that the allegations set forth in count three adequately raise a statutory bad faith claim (and thus, this Court will deny Defendant's Motion to Dismiss count three), this Court concurs that most of what Plaintiffs assert in count two is redundant.

To that end, this Court will grant Defendant's Motion to Dismiss count two of the Complaint.  However, in light of the fact that some of the detailed factual averments set forth in paragraphs 61 through 63 of count two are not expressly pled elsewhere, this Court will allow Plaintiffs time to amend its Complaint to incorporate those allegations and factual averments into a revised two-count Amended Complaint.

## IV. Conclusion

Defendant's Motion to Dismiss count two of Plaintiffs' Complaint is granted, but Plaintiffs will be given time to amend their Complaint to incorporate any relevant factual averments set forth in paragraphs 61 through 63 into an Amended Complaint.  Defendant's Motion to Dismiss count three of Plaintiffs' Complaint is denied.  An appropriate Order follows.


                                                    s/   Arthur J. Schwab
                                                  United States District Judge


cc:     All Registered ECF Counsel and Parties